**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

**CASE NO. 25-CR-20329-BCL**

**UNITED STATES OF AMERICA**,

       Plaintiff,

v.

**LATEDRICK TAYLOR**,

       Defendant.

---

**OMNIBUS ORDER SETTING TRIAL DATE AND ESTABLISHING PRETRIAL**
**INSTRUCTIONS AND SENTENCING PROCEDURES**

This case is hereby set for a Criminal Jury Trial at the Odell Horton Federal Building, 167 North Main Street, Memphis, Tennessee 38103, in Courtroom 3, commencing **MONDAY, 09/28/2026 AT 9:30 A.M.** and lasting for approximately 2 days.  A final report date and pretrial conference will be held on **TUESDAY, 09/22/2026 AT 11:00 A.M.**  All trial counsel must appear in person at the final report date and pretrial conference.  Any testing of electronic equipment to be used at trial must take place at the final report date and pretrial conference.

    **I.**    **Pretrial Deadlines**

        1.  **Pretrial Motions & Motions in Limine**: 09/08/2026.

> All pretrial motions and motions in limine, including any notices under Rule 12(b)(4), Rule 12.1, or Rule 12.2 of the Federal Rules of Criminal Procedure or Rule 404(b) of the Federal Rules of Evidence, must be filed by the above date.  Each party is limited to filing one motion in limine; if there is more than one defendant, defendants shall file a combined motion unless a clear conflict of position exists, in which case the parties shall explain that conflict in their individual motions.

> Motions in limine may not, without leave of Court, exceed the page limits allowed by the Rules, and they must state with particularity the evidence at issue and the legal and factual basis relevant to disposition of the motion.

Any notice submitted under Federal Rule of Evidence 404(b) must be filed as a motion, not as a notice, and must identify with particularity the evidence to be introduced and the factual and legal basis supporting admission.

Responses to pretrial motions and motions in limine are due four days after the motion is filed.

2. **Joint Proposed Jury Instructions and Verdict Form:** 09/15/2026.

The parties need not agree on each proposed jury instruction, but they shall file their proposed jury instructions and verdict forms, including charges and defenses, in a single joint filing. Where the parties do not agree on a proposed instruction, that instruction shall be set forth in bold type. Language proposed only by the United States shall be underlined. Language proposed only by a defendant shall be italicized. Every instruction must be supported by citation to authority.

Furthermore, the parties should identify, as to each proposed jury instruction, whether the proposed language conforms to the Sixth Circuit Pattern Jury Instructions. **If a proposed instruction deviates from the Pattern Jury Instructions in any respect, such alteration should be made clear in the filing with a supporting explanation**. To access the latest version of the Sixth Circuit's Pattern Jury Instructions, please see [Pattern Jury Instructions | Sixth Circuit | United States Court of Appeals](#).

In addition to filing the joint jury instructions and verdict form on CM/ECF, the parties shall submit that filing, in Word format, via email to [ECF_Judge_Lea@tnwd.uscourts.gov](#), by the specified deadline set forth above.

3. **Information required for jury selection:** 09/15/2026.

The Government shall provide the names of any potential witnesses. In addition, all parties shall provide the names of all of the attorneys involved in the trial, and the names of anyone who will be seated at counsel table.

In addition, each party may file on CM/ECF no more than five proposed voir dire questions (including any sub-parts) for the Court to consider asking of the venire. Failure to timely file proposed voir dire questions as set forth in this Order will preclude a party from insisting that the Court ask such questions.

**Note that the Court will not permit the backstriking of jurors.**

4. **Exchange of transcripts that may be introduced at trial:** 09/15/2026.

CASE NO. 25-80208-CR-CANNON

If any party seeks to introduce transcript(s) at the trial, that party shall exchange those transcripts with all counsel. If a transcript cannot be agreed either the Court will decide the issue or each party shall be prepared to produce its own version for the trier of fact.

5. **Proposed witness and exhibit lists:** 09/15/2026.

Before the pretrial conference, all counsel shall file on CM/ECF lists of proposed witnesses and/or exhibits to be presented at trial. All exhibits to be offered into evidence must be re-labeled in accordance with the proposed exhibit list. (**Government exhibits are to be designated as GX1, GX2, etc.; defense exhibits as DX1, DX2, etc**. **If there are multiple defendants, the defense exhibits should be labeled D1X1, D1X2 or D2X1, D2X2, etc.**). Counsel should take care to ensure that exhibits are not compound— that is, that each document, to the extent practicable, is identified and marked individually.

6. **Requests for Writs ad Testificandum:** 09/14/2026.

7. **Arrangements for appropriate clothing for defendants in custody:** 09/21/2026.

Arrangements for appropriate clothing for defendants in custody must be made with the Bureau of Prisons—not the Court—at least seven days prior to the scheduled trial date.

8. **Change of Plea deadline:** Any change of plea must be taken prior to 5:00 p.m. on the last business day before trial is scheduled to begin.

The Court expects the Government and defense counsel, or the defendant if proceeding pro se, to begin plea negotiations under Federal Rule of Criminal Procedure 11(c) as early as practicable. If the parties reach a plea agreement, they must notify the Court promptly and the Court will schedule a change-of-plea hearing.

Any plea agreement is due the day prior to the change of plea hearing. The United States shall submit to chambers a summary of the elements of the offense(s) charged and the statutory penalties for each in advance of the change of plea hearing.

9. **Binder of Government Evidence:** No later than the first day of trial.

No later than the first day of trial, the Government shall provide the Court with a tabbed binder containing copies of all proposed Government exhibits corresponding to the Government's filed exhibit list.

II.   **Additional information and deadlines**

3

CASE NO. 25-80208-CR-CANNON

1. Upon receipt of this Order, defense counsel shall file on CM/ECF a Notice indicating whether the Defendant requires the aid of an interpreter. The parties are further instructed to notify the Court, **at least 24 hours prior to any hearings or trial**, if an interpreter is required.

2. Any motion for a continuance of trial shall (1) set forth in detail which factors constitute grounds for a continuance; and (2) indicate whether (a) the reasons served by granting the continuance outweigh (b) the defendant's constitutional and statutory rights to a speedy trial and the public's interest in a speedy trial. Unless the defendant opposes the motion, the motion shall also be accompanied by a speedy trial waiver, executed by the defendant, stating specifically the extent of the delay to which the defendant consents.

   The Motion shall set forth proposed alternative trial dates and other pretrial deadlines consistent with this Order that are agreeable to counsel for the parties. Failure to comply with these requirements may constitute grounds to deny the motion.

   The Court's staff is not authorized to entertain any telephonic requests for a continuance or an extension of any deadlines in this Order. Such a request shall be considered only on a motion made in open court or by written motion of a party or joing motion of the parties.

3. Should this matter proceed to sentencing, the parties are advised to adhere to the following procedures:

   a. If more than thirty (30) minutes is needed for the hearing, counsel shall file a notice estimating the amount of time needed for their presentation and the number of witnesses to be called no later than seven calendar days prior to the sentencing hearing.

   b. **The Court further orders, consistent with Rule 32 of the Federal Rules of Criminal Procedure, that counsel shall file their Objections, if any, to the DRAFT PSR within fourteen days after disclosure of the DRAFT PSR. The opposing party must file a response no later than seven days thereafter**.

   c. **The Court has discretion not to consider the merits of untimely objections.** *See, e.g.*, *United States v. Morsley*, 64 F.3d 907, 914 (4th Cir. 1995); Fed. R. Crim. P. 32(b)(2) and (i)(1)(D).

   d. The Court further orders that all motions for upward or downward departure and/or variance shall be **in writing** and filed at least ten calendar days before the sentencing hearing. Responses shall be filed at least three days before the sentencing hearing. **The United States is required to file a written response to any defense motion for variance or departure**.

4. **<u>Excluded Time:</u>** The period from 06/30/2026 through 10/02/2026 is excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(B)(iv), because the ends of justice will be served by allowing the Defendant additional time to prepare for trial, and for other reasons stated on the record.

**SO ORDERED**, this 3rd day of June, 2026.

*s/Brian C. Lea*
**BRIAN C. LEA**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record